EXHIBIT A

**STATE OF RHODE ISLAND**
**KENT, SC.**

**SUPERIOR COURT**

**AIRPORT ROAD, LLC** :
:
**v.** : **C.A. No. 08-0809**
:
**MARK CARRUOLO, individually, and in his capacity as Planning Director of the City of Warwick, and CITY of WARWICK, through DAVID OLSEN, in his capacity as Treasurer of the City of Warwick** :

# FIRST AMENDED VERIFIED COMPLAINT

Pursuant to Rule 15(a) of the Rhode Island Rules of Civil Procedure, Plaintiff files this Amended Pleading prior to a responsive pleading being served to correct certain typos in the originally filed Verified Complaint.

## Parties

1. Plaintiff, Airport Road, LLC is a Rhode Island limited liability company with a business address of 1414 Atwood Avenue, Johnston, Rhode Island 02919.

2. Defendant, Mark Carruolo is the Planning Director of the City of Warwick, Rhode Island ("Carruolo"). Defendant, Mark Carruolo is sued herein in his individual capacity and in his capacity as the Planning Director of the City of Warwick, Rhode Island.

3. Defendant, David Olsen is the Treasurer of the City of Warwick, Rhode Island, and is sued in said capacity.

**Jurisdiction**

4. This Court has jurisdiction over this action pursuant to Rhode Island General Laws §§ 9-30-1 et seq., and the amount in controversy is sufficient to confirm jurisdiction in the Superior Court pursuant to Rhode Island General Laws § 8-2-14.

5. Venue is appropriate as the real estate that is the subject of this matter is located within the City of Warwick.

**Facts**

6. Airport Road, LLC is the owner of real property located within the City of Warwick identified on the City of Warwick's Tax Assessor maps as Plat 311, Lots 128 and 191 ("Lots 138 and 191").

7. Lots 138 and 191 are located in the Light Industrial ("LI") Zoning District.

8. Lots 138 and 191 are located generally adjacent to Airport Road and Commerce Drive.

9. The Zoning Enabling Act of 1991 defines "zoning certificate" as a "document signed by the zoning enforcement officer, as required by the zoning ordinance, which acknowledges that a use, structure, building, or lot either complies with or is legally nonconforming to the provisions of the municipal zoning ordinance or is an authorized variation therefrom." R.I. Gen. Laws 1959 § 45-54-31(65). The Act further states the purpose of these certificates and the procedure for obtaining one. "In order to provide guidance or clarification, the zoning enforcement officer shall, upon written request, issue a zoning certificate or provide information to the requesting party as to the determination by the official or agency within fifteen (15) days of the written request." R.I. Gen. Laws 1959 § 45-24-54.

10. By letter dated February 10, 2006, pursuant to R.I. Gen. Laws § 45-54-31(65) and § 45-24-54, counsel for Airport Road, LLC received a zoning certificate from John V. Pagliaro in his capacity as Zoning Official for the City of Warwick confirming that Lots 138 and 191 were within a (LI) Zoning District (the "Zoning Certificate"). Pagliaro also confirmed in the Zoning Certificate that the "[t]he use of the subject property as Retail Trade-Community wide establishment, more than 2,000 square feet GFA is a legally permitted use within said zoning district..."

11. A true and accurate copy of Pagliaro's February 10, 2006 Zoning Certificate is attached hereto as Exhibit A and is recorded in the City of Warwick Land Evidence Records at Book 6700, at Page 245.

12. The Use Tables of the Warwick Zoning Ordinance clearly allow retail uses of more than 2000 square feet of ground floor area in an (LI) Zoning District, the zoning district in which Lots 138 and 191 are located.

13. In reliance upon the uses clearly allowed under the Warwick Zoning Ordinance, and in reliance upon the assurances contained in the Zoning Certificate, Airport Road, LLC negotiated with and made arrangements with two national retail companies to construct and lease significant retail structures on Lots 138 and 191.

14. In reliance upon the uses clearly allowed under the Warwick Zoning Ordinance, and in reliance upon the assurances contained in the Zoning Certificate, Airport Road, LLC expended significant sums of money to prepare documents and drawings regarding the development of Lots 138 and 191.

15. Carruolo was aware of the expenditures that Airport Road, LLC had made developing plans for Lots 138 and 191and were aware of the occupancy and use

arrangements that Airport Road, LLC had made with national retail companies regarding Lots 138 and 191.

16. Land development review for the proposed development plans for Lots 138 and 191 is not provided for by the applicable laws, ordinances and regulations pertaining to Lots 138 and 191.

17. The Zoning Enabling Act of 1991, Rhode Island General Laws § 45-24-31 (37), defines "Land Development Project" as "A project in which one or more lots, tracts, or parcels of land are to be developed or redeveloped as a coordinated site for a complex of uses, units, or structures, including, but not limited to, planned development and/or cluster development for residential, commercial, institutional, recreational, open space, and/or mixed uses as may be provided for in the zoning ordinance."

18. The Warwick Zoning Ordinance, Section 200.87, similarly defines "Land Development Project" as "A project in which one or more lots, tracts, or parcels of land are to be developed or redeveloped as a coordinated site for a complex of uses, units, or structures, including, but not limited to, planned development and/or cluster development for residential, commercial, institutional, recreational, open space, and/or mixed uses as may be provided for in this ordinance."

19. From September of 2005 to the present, Carruolo insisted that Airport Road, LLC submit it its proposed development plans for Lots 138 and 191 to the City of Warwick Planning Board for land development review, despite the lack of any such requirement under the City of Warwick's ordinance and regulations.

20. Carruolo refused to accept any application from Airport Road, LLC for retail development over 2000 square feet on Lots 138 and 191, even though such use was allowed by the Warwick Zoning Ordinance.

21. In September, 2005, Carruolo told representatives of Airport Road, LLC that he would reject any application from Airport Road, LLC for retail development over 2000 square feet on Lots 138 and 191, because he believed that use of the property for office purposes was better for the area than retail purposes.

22. Carruolo told representatives of Airport Road, LLC, that, if a building permit application was submitted to the Building Official, Carruolo would insist that the Building Official refer the matter to the Planning Board and that the Planning Board would reject the proposal.

23. Carruolo's threats have made application for a building permit futile.

24. Carruolo required representatives of Airport Road, LLC to request an amendment to the Warwick Comprehensive Plan to allow the specific use of the property proposed by Airport Road, LLC.

25. Carruolo stated to representatives of Airport Road, LLC that he and the Warwick Planning Department would support the request for an amendment to the Warwick Comprehensive Plan to allow the specific use of the property proposed by Airport Road, LLC before the Warwick Planning Board and the Warwick City Council.

26. Carruolo provided substantial guidance to representatives of Airport Road, LLC in preparing materials relating to the proposed amendment to the Warwick Comprehensive Plan regarding Lots 138 and 191.

27. In reliance on Carruolo's representation and guidance, Airport Road, LLC expended significant sums of money to prepare documents and drawings regarding the amendment of the Warwick Comprehensive Plan regarding Lots 138 and 191.

28. Carruolo issued a written recommendation to the Warwick Planning Board against amending the Warwick Comprehensive Plan regarding Lots 138 and 191, despite his prior assurances and despite Airport Road, LLC's compliance with his directives.

29. As a result of the demands of Carruolo, the development of Lots 138 and 191 has been delayed, prejudiced, made more expensive, and placed into jeopardy.

**Count I**

**Declaratory Judgment Pursuant to R.I.G.L. § 9-30-1 et seq.**

30. Plaintiff incorporates by reference the allegations contained in Paragraph Numbers 1 through 29 above herein.

31. The City of Warwick laws, ordinances and regulations make no provisions for land development project review for the proposed development plans for Lots 138 and 191.

32. Carruolo insists that the City of Warwick laws, ordinances and regulations require land development review for the proposed development plans for Lots 138 and 191.

33. An actual controversy exists between the parties regarding the applicability of land development review requirements for the proposed development plans for Lots 138 and 191.

**Count II**

**Fraudulent Misrepresentation**

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. The information communicated by Carruolo to Airport Road, LLC constituted false representations about a material fact concerning Lots 138 and 191, that Carruolo knew were false when made.

36. Carruolo intended to tortiously interfere the Plaintiff's contractual relationship.

37. But for the tort interference of Carruolo, Plaintiff would have already developed Lots 138 and 191.

38. Plaintiff has suffered harm as a proximate result of the Defendants representations.

**Count III**

**Interference with Contractual Relations**

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. Plaintiff has contracts with national retail companies regarding the development of Lots 138 and 191.

41. Carruolo was aware of the contracts Plaintiff had with national retail companies.

42. Carruolo has intentionally interfered with Plaintiff's contract.

43. As a result of Carruolo's interference, Plaintiff has been damaged.

**Count IV**

**Violation of 42 U.S.C. §1983: Procedural Due Process**

44. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

46. Acting under the color of law, Defendants worked a denial of Airport Road, LLC's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit, by denying Airport Road, LLC its protected rights and property interests without due process of law, and by conspiring for the purpose of impeding and hindering Airport Road, LLC from pursuing its protected rights and property interests, with intent to deny Airport Road, LLC equal protection of laws.

47. By denying Airport Road, LLC its protected rights and property interests without due process of law, and by conspiring for the purpose of impeding and hindering Airport Road, LLC from pursuing its protected rights and property interests, with intent to deny Airport Road, LLC equal protection of laws, Airport Road, LLC has been

deprived of its right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

48. At all times relevant to this Complaint, Defendant Carruolo, as the Planning Director of the City of Warwick, Rhode Island was acting under the direction and control of the Defendant City of Warwick.

49. Acting under color of law and pursuant to official policy or custom, the Warwick Planning Department and the City of Warwick knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant detective in his duties to refrain him from (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities, (b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Rhode Island; and (c) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

50. The Defendant City of Warwick had knowledge, or should have had knowledge, had it diligently exercised those duties to instruct, supervise, control, and discipline on a continuing basis, that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

51. The Defendant City of Warwick had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

52. The Defendant City of Warwick directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Carruolo heretofore described.

53. As a direct and proximate cause of the negligent and intentional acts of Defendant City of Warwick as set forth above, Plaintiff suffered loss of income and business opportunities in connection with the deprivation of its constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

**Count V**

**Violation of 42 U.S.C. §1983: Substantive Due Process**

54. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55. The acts of the Defendants described above are egregiously unacceptable, outrageous, or conscience-shocking, arbitrary, capricious and not rationally related to the furtherance of any legitimate governmental interest.

**Count VI**

**Negligent Misrepresentation**

56. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 55 above with the same force and effect as if herein set forth.

57. The information communicated by Carruolo to Plaintiff constituted false representations about material facts concerning Lots 138 and 191, which Carruolo knew, or should have known, were false when made.

58. Carruolo failed to exercise reasonable care in obtaining and communicating the information in question.

59. Plaintiff reasonably relied upon the false information provided to it by Carruolo to its detriment.

60. But for the representations of Carruolo, Plaintiff would have already developed Lots 138 and 191.

61. Plaintiff suffered harm as a proximate result of Carruolo's representations.

WHEREFORE, Plaintiff, Airport Road, LLC requests:

1. Declaratory Judgment pursuant to Count I of the Complaint that the City of Warwick ordinances do not provide for land development review for Lots 138 and 191 and that the use of the Plaintiff's Property as Retail-Trade Community wide establishment, more than 2,000 square feet GFA is a legally permitted use.

2. Judgment that Defendant, Carruolo interfered with Plaintiff's contractual relations resulting in damages to Plaintiff.

3. Judgment that the Defendants Carruolo and the City of Warwick violated the civil and constitutional rights of Airport Road, LLC

4. Award Plaintiff damages established at trial on Counts II, III, IV, V and VI plus costs and attorneys fees.

5. Award Plaintiff punitive damages for the willful acts of Defendants, Carruolo and the City of Warwick.

6. Award Plaintiff its reasonable attorney fees for the prosecution of this action.

7. Award Plaintiff such other relief as this Court deems just.

**PLAINTIFF,**

**AIRPORT ROAD, LLC**
**By its attorneys,**

**Thomas V. Moses (#2763)**
**Richard J. Welch (#4497)**
**Moses & Afonso, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**(401) 453-3600 (Tel.)**
**(401) 453-3604 (Fax)**

**June 25 2008**

## VERIFICATION

I, Alfred Carpionato, hereby certify that I am the Managing Member of Airport Road, LLC; that I have read the foregoing Verified Complaint and am familiar with the contents thereof; and that the allegations contained therein are true to the best of my personal knowledge except where stated on information and belief, in which event I believe the same, in good faith, to be true.

Alfred Carpionato

**STATE OF RHODE ISLAND**
**COUNTY OF PROVIDENCE**

Subscribed and sworn to before me in the State of Rhode Island on the 12 day of June, 2008.

Notary Public
My commission expires: 12/10/10

G:\DATA\WPDATA\CARPIONATO.WARWICK AIRPORT ROAD\City of Warwick Litigation\Verified Complaint (FINAL).doc

JOHN PAGLIARO
DIRECTOR & BUILDING OFFICIAL

SCOTT AVEDISIAN
MAYOR

WARWICK BUILDING DEPARTMENT
3275 POST ROAD
WARWICK, RHODE ISLAND 02886
(401) 738-2000
FAX (401) 732-1252
TDD 739-9150

February 10, 2006

Kelley Nickson Morris, Esq.
Moses, Alfonso & Jackvony
170 Westminster Street Suite 201
Providence, RI 02903

RE: AP 311 Lots 138 & 191
Airport Rd., Hallene Rd. & Greenacre Rd., Warwick

Dear Ms. Morris:

Please be advised that the above mentioned property is located in a Light Industrial (LI) Zoning District.

The use of the subject property as Retail Trade - Community wide establishment, more than 2,000 square feet GFA is a legally permitted use within said zoning district. (See attached)

Please note that this letter is for zoning purposes only.

Sincerely,

John V. Pagliaro
Director & Building Official

JVP:cc
c.

| | *Zoning Districts* | *OS* | *A-40* | *A-15* | *A-10* | *A-7* | *O* | *WB* | *GB* | *LI* | *GI* | *Inter-modal* | *Gate-way* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 503.2. | Retail trade—community-wide establishment, more than 2,000 square feet GFA | No | No | No | No | No | No | No | Yes | Yes | No | Yes | Yes |
| 505. | New or used vehicle sales, with service or outdoor display (excluding boats) | No | No | No | No | No | No | No | S[7] | S[7] | S[7] | No | No |
| 507. | New or used boat sales, with service or outdoor display | No | No | No | No | No | No | Yes[7] | S[7] | S[7] | S[7] | No | No |
| 508. | Marine equipment, fishing and tackle store, bait shop | No | No | No | No | No | No | Yes | Yes[6] | No | No | No | No |
| 509. | Open air market or outdoor sales and display, mobile or otherwise | No | No | No | No | No | No | No | S | No | No | No | No |
| 50X | Adult entertainment | No | No | No | No | No | No | No | No | No | S[12] | No | No |
| 510. | Other retail establishment | No | No | No | No | No | No | No | Yes[6] | No | No | | |
| 600. | Transportation, communication and utility uses: | | | | | | | | | | | | |
| 601. | Airport or heliport | No | No | No | No | No | No | No | No | No | No | S | No |
| 602. | Bus or railroad passenger station | No | No | No | No | No | No | No | S | S | S | Yes | No |
| 603. | Automobile parking lot or parking garage for private passenger cars (as a principal use) | No | No | No | No | No | No | No | S | Yes | Yes | S | S |
| 604. | Truck, bus, taxi, or other commercial vehicle terminal yard or building for storage and servicing of such | No | No | No | No | No | No | No | S | Yes | Yes | No | No |
| 605. | Radio and television transmission station including towers | No | No | No | No | No | No | No | S[13] | S[13] | S[13] | No | No |
| 606. | Radio or television studio | No | No | No | No | No | Yes | No | Yes | Yes | Yes | No | No |
| 607. | Electrical transformer station and substation, gas regulator station, water and sewer pumping station, and telephone exchange station as a principal use and not elsewhere classified in this table | No | S | S | S | S | S | S | S | S | Yes | No | S |
| 608. | Electric power plant | No | No | No | No | No | No | No | No | No | S | No | No |
| 609. | Nuclear power plant | No | No | No | No | No | No | No | No | No | No | No | No |
| 610. | Other utility, utility station, receiving or transmitting device or tower, or satellite dish antenna as a principal use and not elsewhere classified in this table | No | No | No | No | No | No | No | S[8] | S[8] | S[8] | No | No |