UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AIRPORT ROAD, LLC<br>*Plaintiff*<br><br>v.<br><br>MARK CARRUOLO, individually, and in his capacity as Planning Director of the City of Warwick; and CITY OF WARWICK, through David Olsen, in his capacity as Treasurer of the City of Warwick,<br>*Defendants* | C.A. No. 08-250 ML |

**ANSWER**

Now come the Defendants Mark Carruolo, individually, and in his capacity as Planning Director of the City of Warwick, and the City of Warwick, through David Olsen, in his capacity asTreasurer of the City of Warwick and answer Plaintiff's First Amended Verified Complaint ("Plaintiffs' Complaint") as follows:

As to Parties:

1. Admit.

2. Defendants admit that Defendant Carruolo is the acting Warwick Planning Director but deny that he is liable in his individual capacity.

3. Admit.

As to Jurisdiction:

4. Plaintiff's allegations of jurisdiction state legal conclusions properly reserved for the Court. The allegations are, accordingly, denied and the Plaintiff is left to its proof thereof.

5. Plaintiff's allegations of venue state legal conclusions properly reserved for the Court. The allegations are, accordingly, denied and the Plaintiff is left to its proof thereof.

As to Facts:

6. Defendants lack sufficient information to respond to the allegations contained in paragraph 6 of Plaintiff's Complaint and leave Plaintiff to its proof thereof.

7. Admit.

8. Admit.

9. Defendants make no response to the allegations contained in paragraph 9 of Plaintiff's Complaint in that the allegation contained in this paragraph attempts to paraphrase and/or quote from Public Law, the content of which speaks for itself. However, to the extent that such statute is interpreted by the Plaintiff, not quoted in its entirety or quoted out of context, such allegations and opinions are denied and the Plaintiff is left to its proof thereof.

10. The February 10, 2006 letter speaks for itself. To the extent that it is interpreted by the Plaintiff, not quoted in its entirety or quoted out of context, such allegations and opinions are denied and the Plaintiff is left to its proof thereof.

11. Admit.

12. The Use Tables speaks for itself. To the extent that it is interpreted by the Plaintiff, not quoted in its entirety or quoted out of context, such allegations and opinions are denied and the Plaintiff is left to its proof thereof.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendants make no response to the allegations contained in paragraph 17 of Plaintiff's Complaint in that the allegation contained in this paragraph attempts to paraphrase and/or quote from Public Law, the content of which speaks for itself. However, to the extent that such statute is interpreted by the Plaintiff, not quoted in its entirety or quoted out of context, such allegations and opinions are denied and the Plaintiff is left to its proof thereof.

18. Defendants make no response to the allegations contained in paragraph 18 of Plaintiff's Complaint in that the allegation contained in this paragraph attempts to paraphrase and/or quote from the Warwick Zoning Ordinance, the content of which speaks for itself. However, to the extent that such statute is interpreted by the Plaintiff, not quoted in its entirety or quoted out of context, such allegations and opinions are denied and the Plaintiff is left to its proof thereof.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants admit that Carruolo did not recommend the amendment but deny the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Denied.

As to Count I:

30. Defendants incorporate by reference their responses to paragraphs 1 though 29 as if fully set forth herein.

31. Denied.

32. Defendants admit that the Warwick ordinances require review of Plaintiff's proposed development and deny the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Denied.

As to Count II:

34. Defendants incorporate by reference their responses to paragraphs 1 though 33 as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

As to Count III:

39. Defendants incorporate by reference their responses to paragraphs 1 though 38 as if fully set forth herein.

40. Defendants are without knowledge of the allegations contained in paragraph 40 of Plaintiff's Complaint and, therefore, deny said allegations.

41. Denied.

42. Denied.

43. Denied.

As to Count IV:

44. Defendants incorporate by reference their responses to paragraphs 1 though 43 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Defendants admit that Defendant Carruolo is employed as the acting Warwick Planning Director and deny the remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

As to Count V:

54. Defendants incorporate by reference their responses to paragraphs 1 though 53 as if fully set forth herein.

55. Denied.

As to Count VI:

56. Defendants incorporate by reference their responses to paragraphs 1 though 55 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants plead absolute and qualified immunity as a bar to the within Complaint.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all forms of statutory and common-law immunity as a bar to the within Complaint.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Defendants are not otherwise immune from liability, which is expressly denied, the monetary limitations on damages set forth in RIGL § 9-31-1 et seq. applies to this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Carruolo is not liable in his individual capacity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the requirements of R.I.G.L. § 45-15-5.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages pursuant to *City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).*

**Defendants demand trial by jury.**

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto (#2757)
Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com
and michael@desistolaw.com

and

*/s/ Peter D. Ruggiero*

Peter D. Ruggiero, Esq. (# 5733)
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, RI 02886
Phone: (401) 737-8700
Fax: (401) 737-0735
Email: ruggieropd@ruggiero-orton-brochu.com

C.A. No. 08-250 ML

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 8th day of July, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

rwelch@mosesafonso.com

The within document will also be sent via regular mail to:

Thomas V. Moses
Moses & Afonso Ltd
170 Westminster St.
Suite 201
Providence, RI 02903

*/s/ Michael A. DeSisto*
Michael A. DeSisto